OPINION
PER CURIAM.
Petitioners Song Lin and Ru Zhang, a husband and wife from China’s Fujian Province, sought asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”), based on their fear that one or both of them will be forcibly sterilized for violating China’s family planning policy if they are forced to return. Specifically, they alleged that they are at risk because they had three children while residing in the United States. The Immigration Judge and Board of Immigration Appeals (“BIA”) determined that the petitioners failed to show that their fear of sterilization was an objectively reasonable one and denied relief. This petition for review followed.
I
In support of their application for relief, the petitioners submitted a large collection of background materials on China’s family planning policies, including the 2005 State Department Country Report on China’s human rights practices, news articles, reports by international organizations, and documents produced by Chinese authorities detailing the family planning policy and sanctions for its violation. In addition, the petitioners submitted a letter, purportedly from the Changle City, Yingqian Town, Huli Village Committee, advising that because Lin is the father of three children, he would be a target for sterilization if he returns to China, despite the fact that his children were all born in the United States.[1] Further, the petitioners submitted three letters — one from Zhang’s mother and two from other female acquaintances — stating that the authors had violated the family planning law by having more than one child and had been forced *300 to undergo sterilization. The BIA denied relief, reasoning that under Matter of JW-S-, 24 I. & N. Dec. 185 (BIA.2007), the petitioners failed to “present reliable, specific, and objective supporting evidence that they would be subjected to forced sterilization, imprisonment, or any other punishment based upon the birth of their children in the United States.” A.R. 3.
II
We have jurisdiction over the petition under 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than that of the IJ. See Li v. Att’y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, we also look to the decision of the IJ to the extent that the BIA defers to or adopts the IJ’s reasoning. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir.2006). We review agency factual determinations for substantial evidence, and we will uphold a factual determination “unless the evidence not only supports a contrary conclusion, but compels it.” Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir.2005) (internal citations omitted).
A petitioner bears the burden of establishing “a well-founded fear of persecution,” which can include forced sterilization. 8 U.S.C. § 1101(a)(42)(B); Yu v. Att’y Gen., 513 F.3d 346, 348 (3d Cir.2008). To demonstrate eligibility for asylum based on a fear of future persecution, an applicant must demonstrate, inter alia, “that a reasonable person in [his] circumstances would fear persecution if returned to [his] native country.” Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir.2003). To satisfy the objective prong, a petitioner must show that he would be individually singled out for persecution or demonstrate a pattern or practice of persecution of similarly situated individuals. Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir.2005).
The petitioners raise two arguments in their petition for review that require discussion. First, they contend that the IJ improperly analogized their case to the alien in Matter of J-W-S- without giving due consideration to the specific background evidence they provided. In Zheng v. Att’y Gen., 549 F.3d 260 (3d Cir.2008), we vacated the BIA’s decision because the Board relied exclusively on its decision in J-W-S-, without giving any indication that it considered the evidence submitted by the alien. Id.. at 268-69. Here, in contrast, the BIA’s decision indicates that it did consider the evidence that the petitioners submitted. Indeed, the BIA stated that, “despite the testimony and extensive documentary evidence in the record, the respondents have not demonstrated the objective prong of a well-founded fear of future persecution. They have failed to present reliable, specific, and objective supporting evidence to establish that they would be subjected to forced sterilization, imprisonment, or any other punishment based upon the birth of their children in the United States.” A.R. 3. Moreover, as discussed below, both the IJ and BIA provided substantial analyses of the Huh Village Committee letter, on which the petitioners relied heavily in support of their claims for relief. Accordingly, we disagree with the petitioners’ contention that the BIA failed to sufficiently consider their background evidence.
Next, the petitioners argue that the BIA failed to give due consideration to specific supporting evidence they provided — specifically, the Huli Village Committee Letter and the three letters from women who were sterilized. As to the Huli Village letter, the IJ reasoned that the letter was not entitled to great weight because (i) it was inexplicably conclusory and (ii) there was an insufficient showing that the letter was authentic or was issued by an authentic organization. The BIA agreed, noting that the document did not comport with *301 the authentication requirements of 8 C.F.R. § 287.6, and did not bear any separate indicia of authenticity or reliability: the document was not an original, and Lin’s father did not submit an affidavit or other evidence to corroborate Lin’s testimony that he asked his father to obtain information from the committee. The BIA also noted that the letter did not indicate that Lin would be forcibly sterilized upon returning to China. Given the unclear circumstances related to the letter’s procurement, it was reasonable for the Agency to express doubts about its reliability.[2] As such, we are not compelled to disagree with the decision to afford the letter reduced evidentiary weight.
Nor do we find error in the lack of any express discussion in the Board’s decision of the three letters recounting experiences of forced sterilization. The BIA must consider the evidence presented to it, but it need not expressly parse each piece of evidence submitted. See Zheng, 549 F.3d at 269-71. As discussed above, we are not faced with a situation where the Board ignored relevant evidence. Rather, as the BIA noted, it considered the voluminous evidence before it, but concluded that the petitioners had nevertheless failed to meet their burden of proof. Although the experiences described in the three letters warrant sympathy, they do not compel us to disagree with the Agency’s decision. Indeed, the letters describe sterilization procedures that were forced upon women who, while living in China, violated the family planning laws. However, those accounts are not any more probative of the petitioners’ likelihood of facing such sanctions than the other background material in evidence, as they do not bear on China’s policies as they relate to returning parents whose children were all born outside China. We therefore conclude that the BIA’s decision was supported by substantial evidence.
We have reviewed the remaining arguments raised by the petitioners, and conclude that they lack merit and do not warrant further discussion. Further, because the petitioners failed to demonstrate their eligibility for asylum, we also agree that they were unable to meet the higher standards applicable to applications for withholding of removal and CAT protection. See Sioe Tjen Wong v. Att’y Gen., 539 F.3d 225, 236 (3d Cir.2008) (withholding of removal); Kamara v. Att’y Gen., 420 F.3d 202, 212-13 (3d Cir.2005) (CAT relief).
Accordingly, we will deny the petition for review.

. The letter, addressed to Lin, was obtained by his father in China.

. We note that the Board did not commit the error seen in Liu v. Ashcroft, 372 F.3d 529, 533 (3d Cir.2004), where it proceeded as if satisfying the requirements of 8 C.F.R. § 287.6 was the only way to authenticate a document. Here, the Board expressly contemplated other means of authentication.